**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PENGHANG ZHUANG<br>Plaintiff,<br>v.<br>HONGKONG UKING TRADING LIMITED, doing business as "UkingDirect"<br>Defendant. | Civil Action No. 1:26-cv-10788<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff PENGHANG ZHUANG ("Plaintiff") brings this action against HONGKONG UKING TRADING LIMITED ("Defendant") for infringement of U.S. Design Patent No. D981,123S (the "Patent"). Plaintiff alleges the following based on personal knowledge as to Plaintiff and Plaintiff's own acts, and on information and belief as to all other matters.

## INTRODUCTION

1. Plaintiff owns all right, title, and interest in the Patent, which claims the ornamental design for a stadium seat as shown and described therein. Defendant operates an interactive e-commerce store "UkingDirect" under the Seller Alias "Sekey," through which Defendant, without Plaintiff's authorization or license, makes, uses, offers for sale, sells, and/or imports into the United States stadium-seat products identified by ASIN B0GBW5PV29 which employ a design that is the same as or substantially the same as the design claimed in the Patent (the "Accused Product"). Through the conduct alleged herein, Defendant has infringed and continues to infringe the Patent, causing Plaintiff

monetary injury and irreparable harm. Plaintiff therefore seeks injunctive relief, monetary relief, costs, and such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant has purposefully directed infringing commercial activities toward consumers in the United States, including Illinois, through a fully interactive e-commerce store “UkingDirect” operating under the Seller Alias “Sekey.” Plaintiff has confirmed Defendant's Illinois-directed commercial conduct through a test purchase of Accused Product on Defendant’s listing. The Accused Product was shipped to Illinois. Plaintiff's claims arise out of and relate to Defendant's forum-directed infringing activities.

## THE PARTIES

### Plaintiff

4. Plaintiff is an individual residing in, and a citizen of, the People's Republic of China.

### Defendant

5. On information and belief, Defendant HONGKONG UKING TRADING LIMITED operates the Amazon storefront “UkingDirect” under the Seller Alias “Sekey.” Through that storefront, Defendant offers for sale and sells products to consumers in the United States, including Illinois.

6. Amazon publicly identifies Defendant's business address as "7-9 Austin Ave, Tsim Sha Tsui, Kowloon Room 63, 7/F, Woon Lee Commercial Building Hong Kong Hong Kong 999077 HK."(The address is reproduced as displayed on Amazon, including the repeated references to "Hong Kong.")

7. While Plaintiff has identified Defendant through publicly available marketplace information, Defendant's precise organizational structures, ownership relationships, and operational interconnections remain unknown. Plaintiff reserves the right to amend this Complaint should additional information regarding Defendant become available.

## FACTUAL ALLEGATIONS

### A. The Patent

8. Plaintiff is the owner of U.S. Design Patent No. D981,123 (the "Patent"). A true and correct copy of the Patent is attached as **Exhibit A**.

9. Plaintiff offers for sale stadium seats embodying the design claimed in the Patent through Plaintiff's own online stores and authorized retailers, including through Amazon.com.

10. Plaintiff's patented stadium seat has been commercially successful and well received by consumers, including through favorable customer reviews on e-commerce platforms.

### B. **Defendant's Infringement Activities**

11. Without Plaintiff's authorization or license, Defendant has offered for sale and sold the Accused Product—a stadium-seat product identified by ASIN B0GBW5PV29—through its e-commerce store to customers in the United States,

including Illinois, and continues to offer the Accused Product for sale.

12. The overall appearance and configuration of the Accused Product are substantially similar to the design claimed in the Patent. The comparison below places representative views of the Patent alongside photographs of the Accused Product.

| | | | |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |






13. A more detailed infringement analysis is attached to this Complaint as **Exhibit B**.

14. Defendant's unauthorized offer for sale and sale of the Accused Product are ongoing and directly interfere with Plaintiff's exclusive rights in the Patent.

15. As a result of Defendant's continuing infringement, Plaintiff has suffered and will continue to suffer harm for which Plaintiff is entitled to damages and injunctive relief.

**<u>COUNT I</u>**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT (35 U.S.C. § 271)**

16. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

17. Defendant, without Plaintiff's authorization or license, has offered for sale and sold the Accused Product, which embodies an ornamental design that is substantially the same in overall appearance as the design claimed in the Patent.

18. The Patent claims the ornamental design for the stadium seat shown in **Exhibit A**. Representative side-by-side comparisons of the patented design and the

Accused Product are set forth above, and a more detailed infringement comparison is provided in **Exhibit B**.

19. Defendant has infringed the Patent through the foregoing acts and continues to offer the Accused Product for sale through an active e-commerce listing. Defendant's infringement has caused and continues to cause irreparable harm to Plaintiff, and Defendant will continue its infringing conduct unless enjoined. Plaintiff therefore seeks preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283.

20. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement pursuant to 35 U.S.C. § 284 and, to the extent available, Defendant's total profit pursuant to 35 U.S.C. § 289, without duplicative recovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1) Temporarily, preliminarily, and permanently enjoining Defendant, Defendant's officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of the injunction, from:

a. making, using, offering for sale, selling, and/or importing into the United States the Accused Product or any other products embodying the design claimed in the Patent or a colorable imitation thereof;

b. aiding, abetting, assisting, or otherwise participating in any conduct prohibited by Subparagraph (a); and

c. effecting assignments or transfers, forming new entities or associations, or using any other device for the purpose of circumventing or otherwise

avoiding the prohibitions set forth in Subparagraphs (a) and (b);

2) Entering such orders directed to Amazon and any other relevant online marketplace platform or third-party service provider as the Court deems lawful and necessary to give effect to the injunctive relief awarded, including orders requiring:

a. the disabling of Defendant's online storefront and listings used to offer for sale or sell the Accused Product; and

b. the removal or disabling of advertisements and search-result links associated with Defendant's offer for sale or sale of the Accused Product;

3) Awarding Plaintiff damages adequate to compensate Plaintiff for Defendant's infringement of the Patent, but in no event less than a reasonable royalty for the use made of the patented design by Defendant, together with interest and costs as fixed by the Court, pursuant to 35 U.S.C. § 284;

4) Awarding Plaintiff Defendant's total profit pursuant to 35 U.S.C. § 289, to the extent available and without duplicative recovery;

5) Awarding Plaintiff reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

6) Awarding Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: September 8, 2026

Respectfully submitted,

*/s/ Peilin Chen*
Peilin Chen
*Counsel for Plaintiff*

*/s/ Xiaofu Huang*
Xiaofu Huang
*Counsel for Plaintiff*